**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff,**

**v.**                                            **Case No. 90-20012-02-JWL**

**Anthony Green,**

      **Defendant.**

**MEMORANDUM & ORDER**

In May 1990, defendant Anthony Green entered a plea of guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Mr. Green has served his terms of imprisonment and supervisory release and he now moves to expunge his conviction. Because the court is without power to grant the motion, the motion must be denied.

As the Tenth Circuit explained in *United States v. Pinto*, 1 F.3d 1069 (10th Cir. 1993), any authority to order expungement must stem from the inherent equitable powers of the court[1] and such authority may be exercised only in "extreme circumstances," such as when a conviction has been invalidated as unconstitutional, illegal or obtained through government misconduct.

---

[1] Mr. Green purports to bring his motion pursuant to 18 U.S.C. § 3607. That statute, however, provides for expungement only for a first-time drug offender found guilty of simple possession under 21 U.S.C. § 844 who is under the age of twenty-one at the time of the offense and who successfully completes a pre-judgment probation period such that a judgment of conviction is never entered. Mr. Green was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); he was not entitled to a pre-judgment probation period; and judgment was entered on the conviction. Thus, there is no statutory authority for the court to order expungement of Mr. Green's conviction. *See Pinto,* 1 F.3d at 1070.

*Id.* at 1070.  In the absence of an allegation that the conviction was in any way improper, expungement is not permitted.  *Id.*  ("[T]here is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law.").

In his motion, Mr. Green does not allege that his conviction was improper or invalid in any respect.  He asserts only that he desires to have his record expunged so that he may serve as a role model to his minor children and so that he may bid on certain contracts pertinent to his home-remodeling business.  The Tenth Circuit faced similar facts in *Pinto*.  There, the defendant moved to have her conviction expunged because the presence of the conviction was interfering with her efforts to rebuild her life.  *Id*.  The district court expunged the conviction.  *Id*.  The Tenth Circuit reversed the district court and held that the court was "without power" to expunge the conviction.  In addressing the harm alleged by the defendant, the Circuit explained that those harms were not "unusual or unwarranted.  Instead, they are the natural and intended collateral consequences of having been convicted."  *Id*. at 1070-71 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)).  On this record, then, the court is simply "without power" to expunge Mr. Green's conviction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Green's motion to expunge criminal conviction (doc. 217) is denied.

**IT IS SO ORDERED** this 14th day of May, 2007.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge